835 F.2d 871
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Julie A. SAPOSNEKOO, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 87-3234.
 United States Court of Appeals, Federal Circuit.
 Nov. 17, 1987.
 
 Before DAVIS, PAULINE NEWMAN, and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decisions of the Merit Systems Protection Board (MSPB or Board), Docket No. DC04328610220, removing petitioner from her position with respondent, are vacated and the case is remanded for further proceedings before the Board.
 
 OPINION
 
 2
 Petitioner, an Administrative Officer, GS-11, Facilities Management Department, Naval Medical Command National Capital Region, was charged with and removed for unacceptable performance in two of the critical elements of her position.[1] On appeal to the MSPB, the administrative judge sustained the removal and the full Board declined review.
 
 
 3
 We hold that the MSPB's administrative judge committed significant legal errors which require that the case be reconsidered. First, at the hearing the administrative judge took testimony only on three examples under each critical element--although the letter of charges pertained to approximately thirty-six examples. The judge thought that the six examples considered at the hearing provided a sufficient basis for determining whether the record contains substantial evidence supporting the agency's charge of unacceptable performance. Consequently, the judge did not determine the validity of the other thirty instances of alleged unacceptable performance, even on the documentary evidence.
 
 
 4
 The established rule, however, calls for the existence vel non of substantial evidence to be weighed in "the record considered as a whole." Consolo v. Federal Maritime Comm'n, 383 U.S. 607, 620 n. 19, 626 (1960) (emphasis added). If, for instance, none of the other thirty examples had been accepted by the administrative judge as showing unacceptable performance, it may well have been that substantial evidence of unacceptable performance would not have been shown "in the record considered as a whole."
 
 
 5
 The second legal error is also related to the standard for determining substantial evidence. The administrative judge appeared simply to equate substantial evidence "with more than a scintilla of evidence."[2] The correct standard is higher than that minimal one--it must be "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," or evidence "enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." Consolo, 383 U.S. at 620. That proper standard does not seem to have been applied here.
 
 
 6
 Because of these legal errors, which harmfully infected the initial decision, we think that petitioner should be granted a new hearing by the MSPB.[3]
 
 
 
 [1]
 These two critical elements were: (1) Staffing. Monitor, control and maintain staffing levels in accordance with authorized ceiling and MEO and provide expert classification/staffing support to all FMD [Facilities Management Department] Divisions; and (2) Correspondence. Manage all aspects of paper flow within the organization including preparation, distribution, filing, and tracking of incoming and outgoing correspondence
 
 
 [2]
 Black's Law Dictionary (4th ed. 1951) defines "scintilla of evidence" as "a spark of evidence.... A metaphorical expression to describe a very insignificant or trifling item or particle of evidence...."
 
 
 [3]
 We find no fault with the agency's own procedures and process